```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
BENNIE GIBSON,

                Plaintiff,                  MEMORANDUM & ORDER

   - against -                              15-mc-1625 (KAM)

THE CITY, Bivens claim (403 US 388) a
group of Hispanic Italian Officers 109
108 precincts circumventing arrests
around abandoned scrap metal or
abandoned cars who are doing this for
another group of people to then reap
profits after arrest at alleged crime
cite; John Does 1, #2,#3, #4,#5, #6,#7;
Queens County Senior DA Richard Brown
esq [sic];  ADA presiding; HON JUDGE
KRON, esq [sic]; COURT REPORTER; CLERK
OF THE APPELLATE DIVISION failure to
issue writ,

                Defendants.
----------------------------------X
```
**MATSUMOTO, United States District Judge.**

On April 30, 2002, the court barred plaintiff from filing any future complaint unless he demonstrates imminent danger of serious physical injury. *Gibson v. Weiss*, Case No. 01-CV-8382 (SJ) (ECF No. 10); *Gibson v. Vega*, Case No. 01-CV-8379 (SJ) (ECF No. 9); *see also* 28 U.S.C. § 1915(g). In order to file any future *in forma pauperis* complaint, the court ordered that: (a) plaintiff must request written authorization and must specifically allege the imminent danger of serious physical injury to plaintiff; (b) plaintiff must attach his proposed complaint to any request for leave to file; and (c) plaintiff must attach a copy of the court's April

30, 2002 order to his submission. *Id*.

On August 21, 2015, plaintiff, who is currently incarcerated at the Vernon C. Bain Correctional Center in the Bronx, New York, filed the instant motion seeking permission to file an *in forma pauperis* complaint, along with a proposed complaint and an application to proceed *in forma pauperis*. Plaintiff's request does not provide any valid reason to allow the proposed action to go forward.

Plaintiff's proposed complaint sues unnamed individual defendants in their individual and official capacities, seeks declaratory and injunctive relief, and alleges a conspiracy among the New York City Police Department, the Queens District Attorney's Office, the Office of the New York State Attorney General, and the Office of the United States Attorneys to falsely arrest him on May 10, 2015 and "frame" him. Proposed Complaint at II.D. The proposed complaint asserts facts similar to his prior actions, that is, that he has been arrested for attempting to collect scrap metal from a building in violation of his constitutional rights. *Id*. Plaintiff's allegations fail to satisfy the "imminent danger" requirement of § 1915(g) because plaintiff does not allege that he is currently in imminent danger of serious physical injury. *Chavis v. Chappius*, 618 F.3d 162, 167 (2d Cir. 2010). To satisfy the requirement of imminent danger of serious physical injury under 28 U.S.C. § 1915(g), a plaintiff must "reveal a nexus between the

imminent danger [he] alleges and the claims [he] asserts." *Pettus v. Morgenthau*, 554 F.3d 293, 298 (2d Cir. 2009). Here, plaintiff fails to allege any facts indicating that he faces any danger of any physical injury. Nor can the court reasonably construe his allegations to support a finding that he was under imminent danger of serious injury at the time he submitted this action.

Plaintiff also requests the recusal of the undersigned. Title 28 U.S.C. § 455 states that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A determination on a motion for recusal lies within the discretion of the judge whose impartiality is being questioned. *Local 338, RWDSU v. Trade Fair Supermarkets,* 455 F. Supp. 2d 143, 144 (E.D.N.Y. 2006) (citing *United States v. Oluwafemi,* 883 F. Supp. 885, 890 (E.D.N.Y. 1995)).

Plaintiff has not identified any reason that the undersigned should recuse herself. Because plaintiff has not stated how the undersigned's impartiality might reasonably be questioned in this case, recusal is unnecessary and plaintiff's motion is denied.

## **CONCLUSION**

Accordingly, given plaintiff's extensive history of vexatious litigation, and in the absence of any allegation concerning danger of imminent serious physical injury, plaintiff is denied

3

permission to file an *in forma pauperis* complaint based on the allegations herein.

The court's order barring plaintiff from filing future *in forma pauperis* complaints without first seeking the court's leave remains in effect. The Clerk of Court is directed to return without filing and without judicial order any future *in forma pauperis* complaint submitted by plaintiff that does not comply with the court's filing injunction.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to close this action, serve a copy of this order on plaintiff, and note service on the docket.

**SO ORDERED.**

**Dated:** Brooklyn, New York
October 14, 2015

                                                  _____/s/_____
                                                  KIYO A. MATSUMOTO
                                                  United States District Judge
                                                  Eastern District of New York